**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ERIC DAVIS,  #309838 | * | |
| Petitioner | * | |
| v. | * | CIVIL ACTION NO. RDB-05-390 |
| WARDEN GREEN, el al. | * | |
| Respondents | * | |

**MEMORANDUM OPINION**

Pending is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 filed by Eric Davis, an inmate at the Eastern Correctional Institution. In the Petition, he contests his 2002 conviction in the Circuit Court for Baltimore City, Maryland, for first degree assault. Specifically, Petitioner contends that his right to a speedy trial was violated by the trial court and the state. (Petition, Paper No. 1 pp. 5-6).  Respondents, Kathleen Green, Acting Warden of the Eastern Correctional Institution and J. Joseph Curran, the Attorney General of the State of Maryland, through counsel, have filed an Answer and exhibits in which they assert Petitioner's claim is procedurally defaulted. Petitioner has filed a Response.[1]

Upon review of the pleadings, exhibits, and applicable law, the Court finds no need for an evidentiary hearing.  *See*  28 U.S.C. Section 2254(e)(2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts*.*  For the reasons that follow, the Petition will be denied.

**I. Procedural Background**

---

[1] By Order entered April 19, 2005, the Court granted Petitioner an additional thirty days to respond to Respondents' assertions of procedural default.  Paper No. 7.

Following a jury trial in the Circuit Court for Baltimore City, Petitioner was found guilty of first degree assault and sentenced to twenty years imprisonment. Petitioner appealed. In an unreported opinion filed on October 6, 2003, a three-judge panel of the Court of Special Appeals affirmed the conviction, and the mandate issued on November 5, 2003. (Paper 6, Ex. 4). Petitioner did not pursue further review to the Court of Appeals of Maryland.

On December 31, 2003, Petitioner commenced state post conviction proceedings in the Circuit Court for Baltimore City. (Paper No. 6, Ex.1, pp. 4-6). In his application for post conviction relief, Petitioner claimed, *inter alia*, that he had received ineffective assistance of counsel at trial because his attorney failed to move for dismissal based on violation of the right to a speedy trial. (Paper No. 6, Ex. 5, ¶ III). A hearing was held on the post conviction petition on October 21, 2004. (Paper No. 6, Ex. 7, p. 3). In a written decision dated November 30, 2004, the post conviction court denied the petition. Petitioner did not seek leave to appeal to the Maryland Court of Special Appeals. (Paper No. 6, Ex.1, p. 6).

## II. Threshold Considerations

### A. Cognizable Claim

In order for a federal court to review an application for habeas relief, a prisoner must be "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

### B. Exhaustion of State Remedies and Procedural Default

Before a petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. §2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-49 (1999); *Gray v. Netherland*, 518 U.S. 152, 161-65 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Rose v. Lundy*, 455 U.S. 509 (1982). In order for a state prisoner to satisfy the exhaustion requirement, he must have fairly presented both the same legal claims and the same supporting facts to each of the appropriate state courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Under Maryland law, a petitioner is entitled to direct review of his conviction by the Court of Special Appeals of Maryland as a matter of right and to further review at the discretion of the Court of Appeals of Maryland. *See* Md.. Code Ann., Cts. & Jud. Proc. Art., §§ 12-201, 12-202, 12-203, 12-301, 12-302, 12-307 and 12-308 (1998 Repl. Vol.). A petitioner may also collaterally challenge his convictions under the Maryland Uniform Post Conviction Procedure Act. *See* Md. Code Ann., Crim. Pro. Art., §§ 7-101 *et seq*. (2001). Review from denial of post conviction relief is by appeal only to the Court of Special Appeals of Maryland. *See* Md. Code Ann., Crim Pro. Art., 7-109 (2001). Where the Court of Special Appeals issues a decision that constitutes something other than a discretionary determination that there should be no appeal, the Court of Appeals of Maryland has jurisdiction to review the case further. *See Grayson v. State*, 354 Md. 1, 10-12 (1999).

**III. Analysis**

The gravamen of Petitioner's claim is that he was denied his right to a speedy trial within 180 days. (Petition, Paper No. 1 at 5-6). Maryland law requires the prosecution to bring a defendant to

trial within 180 days of the appearance of counsel or the defendant unless a postponement for good cause is granted by the trial court. *See* Md. Rule 4-271; Md. Code Ann., Art. 27, § 591 (1996 Repl. Vol.).[2]

During post conviction proceedings, Petitioner alleged ineffective assistance for failure to raise a speedy trial violation. Paper No. 6, Exhibit 5. The post conviction court rejected the claim and stated:

> Petitioner contends that he [sic] his right to be tried within 180 days of the arraignment or first appearance of counsel were [sic] violated per Maryland rule 4-271 and Md. Code Ann. Crim. Pro. 6-103 (formerly Art. 27, §5921). A motion to dismiss based upon violation of Petitioner's rights under Rule 4-271 and Section 591 was not filed by trial counsel.  Even assuming, however, that such a motion had been made, the charges brought against the Petitioner would not have been dismissed merely because of the fact that he was not tried within 180 days.
>
> As a preliminary matter, Petitioner's right to a speedy trial under the Federal Constitution was not raised in his Petition for Post-Conviction relief or at the hearing held thereon. In fact, any contention that Petitioner's speedy trial rights under the United States Constitution were violated is inapposite to Petitioner's argument that he should not have been tried on August 22, 2002 thru August 29, 2002 because of being allegedly influenced by certain pain relief medications and that the trial should have been delayed because of his accident. As such, any violation of Petitioner's Federal Constitutional Rights to a speedy trial is not now viable because of Petitioner's argument that he should have been tried later than he, in fact, was.

Paper No. 6, Exhibit 7.  The post conviction court determined that Petitioner failed to demonstrate that the judge had clearly abused his discretion by granting the postponement or otherwise lacked good cause as a matter of law. (There was no courtroom available on that day and Petitioner's trial counsel was "already stacked" for another case the following week.)  *See id.*  Further, the post conviction court found the length of the postponement was insubstantial, and  Petitioner suffered no prejudice. *See id.*  In

---

[2]Effective October 1, 2001, Section 591 of Article 27 was transferred to Section 6-103 of the Criminal Procedure Article of the Maryland Code.

light of the determination that Petitioner's right to a speedy trial had not been violated, the post conviction court found counsel could not be ineffective for failing to move to dismiss on this basis. *See id.*

The post conviction court's determination will not be revisited. In the instant case, Petitioner's claim that the state speedy trial law has been violated fails to present a cognizable claim for federal habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. at 67-68. In addition, the claim is procedurally defaulted. *See* 28 U.S.C. §2254(b) and (c). Petitioner did not seek leave to appeal to the Court of Special Appeals of Maryland after his application for post conviction relief was denied, and this claim is not properly before this Court. *See O'Sullivan v. Boerckel*, 526 U.S. at 842-49. To the extent the Petition alludes to a "constitutional right," and could be construed to raise a Sixth Amendment claim, the Court finds this issue procedurally defaulted as well. *See Gray v. Netherland*, 518 U.S. at 161-65; *Coleman v. Thompson*, 501 U.S. at 731-32; *Buchanan v. Angelone*, 103 F.d 344, 351 (4th Cir. 1996) (failing to raise a federal claim in state court precludes federal review of the omitted claim).

**IV. Conclusion**

Accordingly, the Petition will be denied. An Order consistent with this Memorandum Opinion follows.

/s/
Richard D. Bennett
United States District Judge

Dated:   May 12, 2005